UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
_____

| | |
|---|---|
| HARLEY MICHAEL AND EMILY BILLHEIM, co-administrators of the estate of Cameron Harold Michael, a deceased minor, | : : : : |
| Plaintiffs, | : : |
| v. | : No. 5:16-cv-05689 |
| CONCERN – PROFESSIONAL SERVICES FOR CHILDREN, YOUTH AND FAMILIES; COUNTY OF BERKS; REBECCA KELLER; JESSICA WAGNER; KATHRYN ACKER; SHANNON ELYSE CASE; NATHAN MOORE; and SHAWNA M. MOORE, | : : : : : : : |
| Defendants. | : |

_____

## OPINION AND ORDER

**Joseph F. Leeson, Jr.**  June 27, 2017
**United States District Judge**

Plaintiffs Harley Michael and Emily Billheim served a subpoena on nonparty Pennsylvania State Police, seeking to obtain records relating to the death of their son Camron. They also submitted by letter a supplemental request for discovery to Defendant County of Berks, Pennsylvania, requesting that the County produce any recordings or transcripts of certain 911 calls. Both parties refused to comply and, in response, Plaintiffs filed a motion to enforce the subpoena against the State Police and to compel production from the County. For the following reasons, the State Police and the County are directed to supply Plaintiffs and the Court with additional information in support of their assertion that the evidence sought by Plaintiffs is protected by the "law enforcement privilege."

### I. Background
### A. Factual Background

Plaintiffs are co-administrators of the estate of their deceased child, Camron Michael. At the time of his death, Camron was in the care of foster parents, Defendants Nathan and Shawna Moore. In April 2015, Camron suffered a traumatic brain injury, among other injuries, and succumbed to his condition a week later. The cause of Camron's injuries is yet unknown, but his

1

death is currently being investigated by the State Police and the County's District Attorney's Office. Plaintiffs filed this civil action against the Moores, the County, and other Defendants.

**B.      Plaintiffs' Subpoena Duces Tecum and the Pennsylvania State Police's Response**

On December 28, 2016, Plaintiffs served a subpoena duces tecum upon the State Police, a nonparty to this lawsuit, seeking the following:

1. All documents and communications referring or relating to any complaints made regarding or against Nathan Moore or Shawna Moore.

2. All documents and communications referring or relating to any investigations by the State Police of Nathan Moore or Shawna Moore.

3. All documents and communications referring or relating to Camron Michael, including but not limited to, memoranda, investigation or interview notes, voicemail messages, e-mails, letters, police reports, investigation reports, subpoenas, warrant applications, affidavits of probable cause, warrants, and documents and communications sent to or received from BCCYS, DHS, Concern, Susan Quirits, Sharon Scullin, or any medical examiner or coroner.

4. All documents and communications referring or relating to any investigation regarding the injuries to or the death of Camron Michael, and the current status of any such investigation.

5. All documents and communications referring or relating to any charges that have been filed against Nathan Moore or Shawna Moore in connection with the death of Camron Michael; and, if no such charges have been filed, any documents and communications referring or relating to the reasons why no such charges have been filed.

6. All documents and communications referring or relating to Harley Michael or Emily Billheim.

7. All reports of suspected child abuse to law enforcement officials (CY-104) referring or relating to Camron Michael, Nathan Moore, or Shawna Moore.

Pls.' Mot. Ex. A, ECF No. 39.

By letter dated January 9, 2017, Captain Thomas E. Dubovi, director of the State Police's Operational Records Division, responded to the subpoena. The State Police produced some documents in response to item 6 of the subpoena (seeking documents and communications relating to Harley Michal or Emily Billheim) but notified Plaintiffs that it would otherwise be

unable to comply with the subpoena, "as the records requested . . . are part of an 'open investigation.'" *See* Pl.'s Mot. 3 & Ex. B. A few months later, the State Police produced some additional reports, none of which concerned Camron's death. *See* Pls.' Mot. 3 & Ex. C.

C.  **Plaintiffs' Discovery Request and Berks County's Response.**

In addition to the subpoena they served on the State Police, Plaintiffs also requested that the County produce a copy of the recordings of 911 calls made by Shawna Moore on the morning that Camron was injured. The County objected to the request on the grounds of the "law enforcement privilege."

D.  **Plaintiffs' Motion**

Plaintiffs have moved to enforce the subpoena and discovery request, contending that the State Police and the County failed to properly assert the law enforcement privilege or otherwise object to their requests.

II. **The State Police has not waived the law enforcement privilege, but it has failed to show that the withheld documents are protected by that privilege.**

Federal Rule of Civil Procedure 45(d)(2)(B) provides that a person commanded to produce documents in response to a subpoena may serve on the party designated in the subpoena a "written objection" to the subpoena. The Rule goes on to state that objections must be served either before the time specified for compliance with the subpoena or 14 days after the subpoena is served, whichever takes place first. Further, under Rule 45(e)(2)(A), a person withholding subpoenaed information under a claim that it is privileged must:

> (i) expressly make the claim; and
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2)(a). Among the privileges that the federal courts have recognized is the law enforcement privilege, which is a "qualified privilege designed to prevent the disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *Saunders v. City of Philadelphia*, No. 97-3251, 1997 WL 400034, at *5 (E.D. Pa. July 11, 1997).

Plaintiffs contend that the State Police's January 9 letter failed to explicitly assert any privilege or describe the nature of the withheld documents, as required by Rule 45, and that State Police has therefore waived any privilege it might have. They also contend that, to the extent a governmental entity seeks to invoke the law enforcement privilege, it must provide an affidavit from the head of the agency providing reasons for the assertion, which the State Police's letter did not do.

The State Police contends that Captain Dubovi's letter properly objected to the subpoena and preserved the law enforcement privilege. In addition, the State Police has attached to its response to Plaintiffs' motion an affidavit from Colonel Tyree Blocker, Commissioner of the State Police, explicitly invoking the law enforcement privilege and asserting that he has "personally read and reviewed State Police Incident Report L04-1360496 relating to the death of a minor, Cameron Michael" and that this report "details the investigative steps taken by State Police investigators, including the synopsis of interviews, the seizure and evaluation of physical evidence, and the investigators['] conclusions drawn therefrom." State Police Resp. Ex. A ¶ 3, ECF No. 42. Further, Colonel Blocker states that he is "aware that this is an open and ongoing criminal investigation and that the District Attorney of Berks County has submitted the investigation to an Investigating Grand Jury" and that he has determined that the public disclosure of the incident report "would be reasonably likely" to compromise the efforts of the State Police and the grand jury. *Id.* ¶¶ 4-5.

Plaintiffs reply that Colonel Blocker's affidavit is untimely and, even if it were timely, lacks the specificity required to assert the law enforcement privilege. Further, they contend that the State Police's response and Colonel Blocker's affidavit "focuses solely on an incident report it has in its possession" and "fails to acknowledge let alone address with the necessary detail the plethora of other, critical documents and evidence that Plaintiffs seek through the Subpoena." Pls.' Reply 3, ECF No. 44. In particular, they contend that the State Police has failed to address whether its assertion of the privilege covers certain evidence Plaintiffs believe is in the State Police's possession, including copies of journal entries made by Shawna Moore relating to the incident and evidence retrieved from the Moores' smartphones.

### A.     The State Police has not waived the law enforcement privilege.

Plaintiffs are correct that the State Police's letter did not expressly make a claim of the law enforcement privilege, nor did it describe the nature of the withheld documents with sufficient detail to "enable the parties to assess the claim," as required by Rule 45. Nevertheless, "Rule 45 does not explicitly state that the failure to [expressly claim a privilege and describe the documents with the requisite level of specificity] results in a waiver of one's ability to claim privilege." *Wal–Mart Stores, Inc. v. City of Pontiac Gen. Emps.' Ret. Sys.*, 314 F.R.D. 138, 140 (D. Del. 2016). Moreover, "when an assertion of the law enforcement privilege is well-taken, the government's failure to comply with the procedural requirements of the Federal Rules will not result in a waiver," in view of "the importance of the values that the privilege is designed to protect." *Singh v. S. Asian Soc'y of George Washington Univ.*, No. 06-574, 2007 WL 1556669, at *2 (D.D.C. May 24, 2007); *see also Del Socorro Quintero Perez, v. United States*, No. 13CV1417, 2016 WL 362508, at *3 (S.D. Cal. Jan. 29, 2016) ("Defendants['] failure to provide Plaintiffs with a declaration in support of the law enforcement privilege at the same time they provided the privilege log did not result in an automatic waiver of the privilege."). Here, although the State Police did not expressly invoke the law enforcement privilege, its timely

4

written response to Plaintiffs, which cited an "open investigation" as the reason the State Police was unwilling to comply, represents a good-faith attempt to do so, and it therefore has not waived the privilege.

**B.      The State Police has not adequately demonstrated that the withheld materials are privileged.**

Although the State Police has not waived the law enforcement privilege, it also has not thus far demonstrated that the withheld materials are protected by that privilege. The party claiming the privilege has the burden of showing that it applies to the material at issue, *Saunders*, 1997 WL 400034, at *5, and "when information subject to a subpoena is withheld under a claim of privilege, it must be supported by a sufficient description of the nature of the documents produced," *see R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 F. App'x 880, 882 (3d Cir. 2002). In the context of the law enforcement privilege, this specificity is required to enable the court to weigh "the Government's interest in ensuring the secrecy of the materials in question against the need of the adverse party to obtain the information." *Saunders*, 1997 WL 400034, at *5. These considerations are typically weighed with the aid of the ten *Frankenhauser* factors, which the parties have noted in their briefs. *See Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973) (Becker, J.).[1]

Neither the State Police's briefing nor the affidavit submitted by Colonel Blocker has provided sufficient information to allow the Plaintiffs (or the Court) to assess whether the law enforcement privilege applies to any of the withheld materials. Accordingly, the State Police must produce a privilege log that would allow Plaintiffs and the Court to assess its claim of privilege.

**III.    Berks County has also not met its burden to establish privilege.**

Under Federal Rule of Civil Procedure 26, a party to a civil litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

---

[1]    The ten *Frankenhauser* factors are as follows:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Frankenhauser*, 59 F.R.D. at 344.

proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Rule requires that a party withholding documents from a discovery request on privilege grounds must both expressly state the privilege and describe the nature of the documents. Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).

The County has provided briefing concerning the nature of the law enforcement privilege in general, but it has not shown why this privilege specifically protects the 911 calls sought by Plaintiffs. *See Saunders*, No. 97-3251, 1997 WL 400034, at *5 (observing that an assertion of the law enforcement privilege should include "a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his or her lawyer"). With respect to the ten *Frankenhauser* factors, although the fact that the 911 calls are part of an ongoing investigation weighs in favor of their protection, the County has not shown that any of the remaining nine factors weigh in its favor. Accordingly, the County has failed to show that the privilege applies to the 911 calls. In view of the weight of the interests involved, the Court will permit the County an opportunity to present additional information about the application of the privilege to the 911 calls.

## IV.    Order

Accordingly, this 27th day of June, 2017, it is **ORDERED** that:

1. The State Police is directed to produce a privilege log and affidavit sufficiently detailed to allow Plaintiffs and the Court to assess the claim of privilege no later than **July 7, 2017**;[2]

2. Plaintiffs and the State Police shall meet to discuss any issues of privilege concerning the documents identified on the privilege log. The State Police is expected to be able to explain, in detail (to the extent possible without disclosing privileged information), the basis for any claim of privilege to aid Plaintiff's ability to understand and assess the propriety of the claim;[3]

---

[2] The purpose of a privilege log is to allow the opposing party visibility into the responsive documents that are being withheld on the basis of privilege and to challenge the assertion of privilege if necessary.

[3] A meeting to discuss claims of privilege can be highly productive, because it enables the parties "to more completely state the reason for the claimed privilege as opposed to the cryptic reasons offered in the index." *See Kelchner v. Int'l Playtex, Inc.*, 116 F.R.D. 469, 472 (M.D. Pa. 1987).

6

3. The County is directed to provide additional briefing concerning the application of the law enforcement privilege to the 911 calls no later than **July 7, 2017**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge